MONICA Y. KIM (SBN 180139)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Ave.
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile:  (310) 229-1244
Email: myk@lnbyg.com

Attorneys for Timothy J. Yoo, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:18-11855-BB |
| ONEBADA, INC., | Chapter 7 |
| Debtor. | **TRUSTEE'S NOTICE OF MOTION AND MOTION FOR ENTRY OF AN ORDER: (A) APPROVING SALE OF LIQUOR LICENSE FREE AND CLEAR OF ALL LIENS OR INTERESTS; AND (B) GRANTING RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TIMOTHY J. YOO IN SUPPORT THEREOF** |
| | **[Declaration Of Jason Kho and Eldwin Chua Filed Herewith]** |
| | [No Hearing Set Pursuant To LBR 9013-1(o)] |

1

**PLEASE TAKE NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(o), Timothy J. Yoo, the Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Onebada, Inc., the debtor herein ("Debtor"), has filed a motion ("Motion") for entry of an order of the Court:

(A)    pursuant to 11 U.S.C. §§ 363(b) and (m), authorizing the Trustee to sell, free and clear of all liens and interests, all of the estate's rights in and to the Type 47 liquor license, No. 47-540135 ("License"), to Paradise Dynasty LLC ("Buyer") for $70,000 in accordance with the terms and conditions of the "*Escrow Instructions Alcoholic Beverage License Transfer Only*" and related documents and agreements (collectively, "Transfer Agreements") between the Trustee and the Buyer, true  and correct copies of which are attached as **Exhibit 2** to the Declaration of Timothy J. Yoo annexed hereto ("Yoo Declaration");

(B)    finding the Buyer as a good faith purchaser entitled to the protections of 11 U.S.C. § 363(m);

(C)    waiving the 14-day stay period set forth in Rules 6004(h) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") to enable the sale of the License  to close as quickly as possible; and

(D)    in the event of Buyer's failure to close, authorizing the Trustee to sell the License to another buyer for the minimum purchase price of $70,000 without further order of the Court.

The License was associated with the restaurant known as "Bulgogi House" located at 6902 Walker St., La Palma, CA 90623 previously operated by the Debtor and the Trustee following his appointment. The restaurant was sold by the Trustee, however, the purchaser of the restaurant did not acquire the License as part of its restaurant purchase.

This is the Trustee's third motion to sell the License. In May 2020, the Court approved the sale of the License to AABhar Hospitality LLC ("AABhar") for $55,000. Unfortunately, AABhar could not close and the Trustee retained AABhar's $5,500 deposit (10% of purchase price) as liquidated damages. In November 2021, the Court approved the sale of the License to Ribeye Restaurant Group LLC ("Ribeye") for $70,000. Recently, the Trustee was informed that

Ribeye cannot close and the parties have also signed a Liquidated Damages Agreement whereby the Trustee will retain Ribeye's $7,000 deposit (10% of the purchase price) as liquidated damages. The escrow with Ribeye has been cancelled.

The offer from the Buyer to purchase the License is an all-cash offer for the sum of $70,000 ("Purchase Price"). The Buyer has made a $7,000 deposit towards the Purchase Price, and the balance of the Purchase Price will be due at closing. In addition to the Purchase Price, the Buyer will pay 100% of the escrow fees and costs and the 10% finder's fee to the Seller's broker. Therefore, at closing, the estate will receive $70,000 for the License, less nominal transaction fees. This is in addition to the $5,500 and the $7,000 liquidated damages that the estate will receive from AABhar and Ribeye. Unlike the other buyers, this Buyer's restaurant is already open and operating which allows for the Alcoholic Beverage Control ("ABC") to approve the transfer of the License within 3-5 months.

Pursuant to this Motion, the Trustee seeks authority to sell the License to the Buyer and in accordance with the terms and conditions set forth in the Transfer Agreements. The Trustee is not aware of any liens or interests asserted against the License. The Trustee also requests a finding that the Buyer is a good faith purchaser entitled to the protections of 11 U.S.C. § 363(m), and that the 14-day stay period provided by Bankruptcy Rule 6004(h) be waived to facilitate the closing of the sale of the License as soon as possible after the entry of an order granting this Motion. Finally, and given the multiple unsuccessful transactions and to minimize administrative expenses, to the extent the sale to the Buyer fails to close, the Trustee seeks authority to sell the License to another buyer for the minimum purchase price of $70,000 without further order of the Court.

The License has been marketed for sale since December 2018 through a qualified liquor license broker employed by the Trustee. The Court has already approved sales of the License for $55,000 subject to overbids (with no overbids being received) and $70,000 as a private sale, which were the then best and highest values obtainable for the asset. Given the passage of time, the Trustee believes that $70,000 continues to be consistent with the fair market value of the License. There are no conditions to the sale of the License (other than the entry of the order

3

approving this Motion) and approval of the Buyer by ABC. The Trustee believes that the Buyer will be approved by ABC for the transfer of the License.

The Motion is based upon 11 U.S.C. § 363, Bankruptcy Rules 2002, and 6004, Local Bankruptcy Rules 2002 and 6004-1, the accompanying Memorandum of Points and Authorities, Yoo Declaration, the Declarations of Jason Kho and Eldwin Chua, the entire record of the Debtor's bankruptcy case, the statements, arguments and representations of counsel to be made at the hearing on the Motion, and any other evidence properly presented to the Court at, or prior to, the hearing on the Motion.

**PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rule 9013-1(o)(1) requires that any request, objection and request for hearing must be filed with the Court and served on the movant and the Office of the United States Trustee within 14 days after the date of service of the notice, plus 3 additional if the notice was served by mail, or pursuant to F.R.Civ.P. Rule 5(b)(2)(D) or (F). Pursuant to Local Bankruptcy Rule 9013-(1)(h), failure to file and serve a timely response may be deemed consent to the granting of this Motion.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order:

1.     finding that the notice given by the Trustee in connection with the sale of the License and the hearing on the Motion is adequate, sufficient, proper and complies with all applicable provisions of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure;

2.     granting the Motion in its entirety;

3.     authorizing the Trustee to sell the License to the Buyer, free and clear of all liens and interests and pursuant to the terms and conditions set forth in the Transfer Agreements;

4.     authorizing the Trustee to execute and deliver, on behalf of the estate, any and all documents that may be reasonably necessary to consummate the sale of the License;

5.     finding that the Buyer is a good-faith buyer entitled to all of the protections afforded under 11 U.S.C. § 363(m);

6.     waiving the 14-day stay period set forth in Bankruptcy Rule 6004(h);

7.    in the event of Buyer's failure to close, authorizing the Trustee to sell the License to another buyer for the minimum purchase price of $70,000 without further order of the Court; and

8.    granting such other and further relief as may be necessary or appropriate under the circumstances.

Dated: March 29, 2022                    TIMOTHY J. YOO, CHAPTER 7 TRUSTEE

By: _/s/ Monica Y. Kim_____
MONICA Y. KIM
LEVENE, NEALE, BENDER, YOO
    & GOLUBCHIK L.L.P.
Attorneys for Timothy J. Yoo,
Chapter 7 Trustee

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    STATEMENT OF FACTS

**A.    Background**.

1.    The Debtor commenced this case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code on February 9, 2018 ("Petition Date").  Following a hearing on April 6, 2018, the Court ordered the appointment of a Chapter 11 trustee.

2.    The Debtor operated a Korean barbeque restaurant doing business as "Bulgogi House" located at 6901 Walker St., La Palma, CA ("Business").

3.    On or about April 11, 2018, the Office of the United States Trustee appointed Timothy J. Yoo ("Trustee"), to serve as the chapter 11 trustee for the Debtor. Upon his appointment, the Trustee determined that operating the Business and attempting to sell the Business as a going concern would be the best means of monetizing the highest value of this estate's assets for the benefit of creditors.

4.    In November 2018, the Trustee closed a sale of the assets of the Business, however, the purchaser of the Business did not buy the estate's Type 47 liquor license ("License") as part of its acquisition of the Business.  The License is issued for use in Orange County. Therefore, in December 2018, the Trustee employed AAA Liquor License Consulting, a qualified liquor license broker, to find a buyer for the License. Jason Kho is the principal of AAA Liquor License Consulting.

5.    As set forth in the Declaration of Jason Kho filed herewith, the License has been extensively marketed since December 2018. The License was initially listed for sale at $70,000. Since December 2018, Mr. Kho has undertaken significant efforts to market the License to a large number of potential buyers, and, with the approval of this Court, opened two escrows to sell the License, both of which failed to close.

**B.    Termination of Sales to Previous Buyers.**

6.    Around April 2020, the estate received an all cash offer of $55,000 for the License from AABhar Hospitality LLC ("AABhar"). The Trustee accepted this offer, and filed his motion to approve the sale, subject to an overbid process. No overbids were received, and, in

May 2020, the Court approved the sale to AABhar. Unfortunately, AABhar failed to close, and, due to the delays caused by AABhar, the estate retained AABhar's $5,500 deposit (10% of purchase price) as liquidated damages.

7.    In October 2021, the Trustee accepted an all cash, no overbid offer of $70,000 for the License from Ribeye Restaurant Group LLC ("Ribeye"), and, in November 2021, the Court approved the sale to Ribeye. Unfortunately, Ribeye has now also failed to close, and, due to the delays caused by Ribeye, the parties have signed their Liquidated Damages Agreement, which is attached as **Exhibit 1** to the Declaration of Timothy J. Yoo ("Yoo Declaration") annexed hereto  which will enable the Trustee to retain Ribeye's $7,000 deposit (10% of purchase price) as liquidated damages.

C.    **Sale of License for $70,000 to Paradise Dynasty LLC**

8.    Through the Trustee's broker, the estate has received an offer of $70,000 ("Purchase Price") for the purchase of the License from Paradise Dynasty LLC ("Buyer"). The License will be sold free and clear of all liens and interests, on the terms and conditions of the sale are set forth in the *Escrow Instructions Alcoholic Beverage License Transfer Only*, and all related agreements and documents (collectively, "Transfer Agreements"), true and correct copies of which are attached as **Exhibit 2** to the Yoo Declaration.

9.    The Buyer has made a $7,000 deposit towards the $70,000 Purchase Price, and the balance of the Purchase Price will be due at closing. In addition to the Purchase Price, the Buyer will pay 100% of the escrow fees and costs and the 10% finder's fee to the Seller's broker. Therefore, at closing, the estate will receive $70,000 for the License, less nominal transaction fees. There are no contingencies to the sale other than the entry of an order approving this Motion authorizing the sale of the License free and clear of all liens and claims and approval of the sale to the Buyer by Alcoholic Beverage Control ("ABC"). Closing is to occur when the Buyer is approved by the ABC for the License, and the Trustee is informed that there is no reason that the principal of the Buyer should not be approved. The Trustee is also not aware of any liens and claims against the License.

10.     Unlike the other buyers, this Buyer's restaurant is already open and operating which allows for the ABC to approve the transfer of the License within 3-5 months.

11.     The License has been marketed for sale since December 2018 through a qualified liquor license broker employed by the Trustee. The Court has already approved sales of the License for $55,000 subject to overbids (with no overbids being received) and $70,000 as a private sale, which were the then best and highest values obtainable for the asset. Given the passage of time, the Trustee believes that $70,000 continues to be consistent with the fair market value of the License. The proposed sale of the License to the Buyer under the terms of the Transfer Agreements will result in substantial and higher net sale proceeds for the benefit of creditors.

12.     By the Motion, the Trustee seeks approval for the sale, and also requests that the Court make a finding that the Buyer is a good faith purchaser entitled to all of the protections afforded under 11 U.S.C. § 363(m), and that the 14-day stay period provided by Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") be waived to facilitate the closing as soon as possible after the entry of an order granting this Motion. Finally, and given the multiple unsuccessful transactions and to minimize administrative expenses, to the extent the sale to the Buyer fails to close, the Trustee seeks authority to sell the License to another buyer for the minimum purchase price of $70,000 without further order of the Court.

## II.   THE PROPOSED SALE IS IN THE BEST INTERESTS OF THE ESTATE

### A.   The Trustee Has Complied With All Applicable Notice Requirements.

Section 363(b)(1) provides that the Trustee, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." Section 102(1) defines "after notice and a hearing" as after such notice as is appropriate in the particular circumstances, and such opportunity for hearing as is appropriate in the particular circumstances.

Bankruptcy Rule 6004(a) provides, in pertinent part, that notice of a proposed sale not in the ordinary course of business must be given pursuant to Bankruptcy Rules 2002(a)(2), (c)(1), (i) and (k), and, if applicable, in accordance with section 363(b)(2) of the Bankruptcy Code.

Bankruptcy Rule 2002(a)(2) requires at least 21 days' notice by mail of a proposed sale of property of the estate other than in the ordinary course of business, unless the Court for cause shown shortens the time or directs another method of giving notice. Bankruptcy Rule 2002(c)(1) requires that the notice of a proposed sale include the date, time and place of any public sale, the terms and conditions of any private sale, and the time fixed for filing objections. It also provides that the notice of sale or property is sufficient if it generally describes the property. Bankruptcy Rule 2002(k) requires that the notice be given to the United States Trustee.

In addition, Local Bankruptcy Rule 6004-1 requires that the Notice contain the information specified in Local Bankruptcy Rule 6004-1(c)(3) and that an additional copy of the Notice be submitted to the Clerk of the Bankruptcy Court together with a Form 6004-2 at the time of filing for purposes of publication.

The Trustee has complied with all of the above provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.  The Trustee has complied with Bankruptcy Rules 6004(a) and 2002(a)(2), (c)(1), (i) and (k), as well as Local Bankruptcy Rule 6004-1(c)(3), because the Notice of the Motion that has been filed contemporaneously herewith includes all of the required information, including, without limitation, the date, time and place of the Sale Hearing and the deadline for objecting to this Motion, and has been served on the Office of the United States Trustee, the Debtor, all of the Debtor's known creditors, and all parties requesting special notice.  The Trustee has also complied with the requirements of Local Bankruptcy Rule 6004-1(f) because the Trustee has filed the Notice and Form 6004-2 with the Clerk of the Bankruptcy Court for purposes of publication.

**B.**      **The Sale Of The License Should Be Approved Because Good Business Reasons Exist, The Purchase Price For The License Is Fair And Reasonable, And The Proposed Sale Is In The Best Interests Of The Estate And Creditors.**

As a general matter, a Court considering a motion to approve a sale under Bankruptcy Code Section 363(b) should determine from the evidence presented before it that a "good business reason" exists to grant such a motion. *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir.

9

1983).  In addition, the Court must further find it is in the best interest of the estate.  To make this determination, a Court should consider whether:

> (1)    the sale is fair and reasonable, *i.e.*, the price to be paid is adequate;
>
> (2)    the property has been given adequate marketing;
>
> (3)    the sale is in good faith, *i.e.*, there is an absence of any lucrative deals with insiders, and
>
> (4)    adequate notice has been provided to creditors.

*In re Wilde Horse Enterprises, Inc.,* 136 B.R. 830, 841-2 (Bankr. C.D. Cal. 1991); *In re The Landing*, 156 B.R. 246, 249 (Bankr. E.D. Mo. 1993); *In re Mama's Original Foods, Inc.,* 234 B.R. 500, 502-505 (C.D. Cal. 1999).  The Trustee submits that the proposed sale of the License, pursuant to the terms of the Transfer Agreements, satisfies each of these requirements.

       1.    <u>Sound Business Purpose</u>.

The Ninth Circuit Bankruptcy Appellate Panel in *Walter v. Sunwest Bank (In re Walter)*, 83 B.R. 14, 19 (9th Cir. B.A.P. 1988) has adopted a flexible case-by-case test to determine whether the business purpose for a proposed sale justifies disposition of property of the estate under Section 363(b).  The facts pertaining to the sale at issue here amply substantiate the Trustee's business decision that the contemplated sale of the License, pursuant to the terms of the Transfer Agreements, serves the best interests of the estate and merits the approval of this Court.

The Trustee has sold the Business, and other than the License, has liquidated all of the estate's assets and resolved all claim objections and adversary proceedings. Thus, the Trustee can move to close this case as soon as the License is sold. Indeed, the Trustee has been attempting to close the sale for the License for several years. The Purchase Price is the same as the price agreed to by Ribeye, and the Buyer is ready to close as soon as the ABC approves the transfer of the License. Since the License is unencumbered, all of the sale proceeds will be available for payment to creditors on their allowed claims. Based on the foregoing, the Trustee submits that the proposed sale of the License is in the best interests of the estate and therefore

represents a sound exercise of the Trustee's business judgment.

2.    Fair and Reasonable Price.

In order for a sale to be approved under Bankruptcy Code Section 363(b), the purchase price must be fair and reasonable. *See generally, In re Canyon Partnership*, 55 B.R. 520 (Bankr. S.D. Cal. 1985). The trustee is given substantial discretion in this regard. *Id.* In addition, Courts have broad discretion with respect to matters under section 363(b). *See Big Shanty Land Corp. v. Comer Properties, Inc.*, 61 B.R. 272, 278 (Bankr. N.D. Ga. 1985). In any sale of estate assets, the ultimate purpose is to obtain the highest price for the property sold. *Wilde Horse Enterprises, Inc.*, 136 B.R. at 841 (*citing In re Chung King, Inc.*, 753 F.2d 547 (7th Cir. 1985)), *In re Alpha Industries, Inc.*, 84 B.R. 703, 705 (Bankr. Mont. 1988).

The Purchase Price is at the listing price, $15,000 higher than the price agreed to be paid by AABhar and the same price agreed to be paid by Ribeye. Thus, the Purchase Price is fair and reasonable under the current circumstances and the highest offer received by the Trustee after several years of extensive marketing efforts by the Trustee's broker, delays suffered by AABhar and Ribeye, and negotiating with the Buyer for a higher Purchase Price. The Trustee submits that the $70,000 offer from the Buyer constitutes fair and reasonable value for the License.

3.    Adequate Marketing.

AAA Liquor License Consulting and its principal, Jason Kho, were hired because of their extensive experience and success with the sale of liquor licenses in and outside of the Orange County area. Jason Kho and his team have extensive knowledge on how to procure a liquor license and file the requisite paper work for the ABC. With over 40 years of experience in business brokerage, real estate and liquor license consulting, the Trustee's broker undertook and launched significant efforts to market and advertise the License. Mr. Kho located and negotiated with both AABhar, Ribeye and the Buyer, in addition to many other potential buyers in order to ensure that the highest value was received. Therefore, the Trustee respectfully submits that the License has been, or will be, adequately marketed.

4.    <u>Good Faith.</u>

When a Bankruptcy Court authorizes a sale of assets pursuant to Bankruptcy Code Section 363(b)(1), it is required to make a finding with respect to the "good faith" of the purchaser.  *In re Abbotts Dairies*, 788 F.2d at 149.  Such a procedure ensures that Section 363(b)(1) will not be employed to circumvent creditor protections.  *Id.* at 150.  With respect to the Trustee's conduct in conjunction with the sale of the License, the good faith requirement focuses principally on whether there is any evidence of "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *Abbotts Dairies*, 788 F.2d at 147; *Wilde Horse Enterprises*, 136 B.R. at 842.

The Trustee and the Buyer have negotiated the terms of the proposed sale of the License, as set forth in the Transfer Agreements, at arms' length and in good faith.  The Buyer has no affiliation with the Debtor or the Trustee and is not an "insider" of either of the Debtor as that term is defined in 11 U.S.C. § 101(31).  The Trustee submits that there has been no fraud or collusion in connection with the proposed sale of the License. No offer to purchase the License received by the Trustee has been ignored, and the Trustee has taken reasonable steps to try to obtain the highest price possible for the License.  Based on the foregoing, the Trustee submits that the good faith requirement has been satisfied.

5.    <u>Accurate and Reasonable Notice.</u>

The purpose of the notice is to provide an opportunity for objections and hearing before the Court if there are objections.  *In re Karpe*, 84 B.R. 926, 930 (Bankr. M.D.Pa. 1988).  A notice is sufficient if it includes the terms and conditions of the sale and if it states the time for filing objections.  *Id.*  The Trustee has complied with all of the applicable notice provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.  Thus, the Trustee submits that the notice of the Motion (and proposed sale of the License) should be deemed adequate, accurate and reasonable by the Court.

**III.    <u>SALE OF THE LICENSE CAN BE FREE AND CLEAR OF ANY AND ALL LIENS</u>**

Section 363(f) of the Bankruptcy Code provides, in relevant part, as follows:

The trustee may sell property under subsection (b) . . . of this section free and clear of any interest in such property of an entity other than the estate, only if—

> (1) applicable non-bankruptcy law permits the sale of such property free and clear of such interest; ...
> (2) such entity consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) Such interest is in bona fide dispute; or
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

Section 363(f) of the Bankruptcy Code was drafted in the disjunctive.  Thus, the Trustee need only meet the provisions of one of the five subsections of section 363(f) in order for a sale of property to be free and clear of all liens, claims and interests. The Trustee submits that one or more of the tests of Bankruptcy Code section 363(f) are clearly satisfied with respect to his proposed sale of the License to the Buyer free and clear of all liens, claims and interests.

The License is not subject to any liens, claims or interests. Therefore, the Trustee's proposed sale is permissible pursuant to Section 363(f)(1) of the Bankruptcy Code.

## IV.  REQUEST FOR WAIVER OF 14-DAY STAY PERIOD SET FORTH IN BANKRUPTCY RULE 6004(h)

Bankruptcy Rule 6004(h) provides, among other things, that an order authorizing the use, sale or lease of property . . . is stayed until the expiration of fourteen days after entry of the Court order, unless the Court orders otherwise.  Bankruptcy Rule 6006(d) has a similar provision with respect to an order approving of the assumption and assignment of unexpired leases and executory contracts.

To maximize the potential recovery to creditors of the estate, the Trustee and the Buyer must be permitted to consummate the sale of the License as soon as possible after entry of an order granting this Motion.  To facilitate the most expeditious sale closing possible, the Trustee requests that the order granting this Motion be effective immediately upon entry by providing that the fourteen-day stay period provided by Bankruptcy Rule 6004(h) is waived.

## V. <u>CONCLUSION</u>

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order:

1.      finding that the notice given by the Trustee in connection with the sale of the License and the hearing on the Motion is adequate, sufficient, proper and complies with all applicable provisions of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure;

2.      granting the Motion in its entirety;

3.      authorizing the Trustee to sell the License to the Buyer, pursuant to the terms and conditions set forth in the Transfer Agreements;

4.      authorizing the Trustee to execute and deliver, on behalf of the estate, any and all documents that may be reasonably necessary to consummate the sale of the License;

5.      finding that the Buyer is a good faith purchaser entitled to all of the protections of 11 U.S.C. § 363(m);

6.      waiving the 14-day stay period set forth in Bankruptcy Rule 6004(h);

7.      in the event of Buyer's failure to close, authorizing the Trustee to sell the License to another buyer for the minimum purchase price of $70,000 without further order of the Court; and

8.      granting such other and further relief as may be necessary or appropriate under the circumstances.

Dated: March 29, 2022                    TIMOTHY J. YOO, CHAPTER 7 TRUSTEE

                              By:   _/s/ Monica Y. Kim_
                                  MONICA Y. KIM
                                  LEVENE, NEALE, BENDER, YOO
                                      & GOLUBCHIK L.L.P.
                                  Attorneys for Timothy J. Yoo,
                                  Chapter 7 Trustee

## DECLARATION OF TIMOTHY J. YOO

I, Timothy J. Yoo, hereby declare as follows:

1.      I am the duly appointed Chapter 7 Trustee of the bankruptcy estate of Onebada, Inc., the debtor herein ("Debtor").   I have personal knowledge of the facts set forth below and, if called to testify, I would and could competently testify thereto.

2.      The Debtor commenced this case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code on February 9, 2018 ("Petition Date").  Following a hearing on April 6, 2018, the Court ordered the appointment of a Chapter 11 trustee.

3.      The Debtor operated a Korean barbeque restaurant doing business as "Bulgogi House" located at 6901 Walker St., La Palma, CA ("Business").

4.      On or about April 11, 2018, the Office of the United States Trustee appointed me to serve as the chapter 11 trustee for the Debtor. Upon my appointment, I determined that operating the Business and attempting to sell the Business as a going concern would be the best means of monetizing the highest value of this estate's assets for the benefit of creditors.

5.      In November 2018, I closed a sale of the assets of the Business, however, the purchaser of the Business did not buy the estate's Type 47 liquor license ("License") as part of its acquisition of the Business.  The License is issued for use in Orange County. Therefore, in December 2018, I employed AAA Liquor License Consulting, a qualified liquor license broker, to find a buyer for the License. Jason Kho is the principal of AAA Liquor License Consulting.

6.      Around April 2020, the estate received an all cash offer of $55,000 for the License from AABhar Hospitality LLC ("AABhar"). I accepted this offer, and filed my motion to approve the sale, subject to an overbid process. No overbids were received, and, in May 2020, the Court approved the sale to AABhar. Unfortunately, AABhar failed to close, and, due to the delays caused by AABhar, the estate retained AABhar's $5,500 deposit (10% of purchase price) as liquidated damages.

7.      In October 2021, I accepted an all cash, no overbid offer of $70,000 for the License from Ribeye Restaurant Group LLC ("Ribeye"), and, in November 2021, the Court approved the sale to Ribeye. Unfortunately, Ribeye has now also failed to close, and, due to the

delays caused by Ribeye, the parties have signed their Liquidated Damages Agreement, which is attached hereto as **Exhibit 1** which will enable the estate to retain Ribeye's $7,000 deposit (10% of purchase price) as liquidated damages.

8.      Through my broker, the estate has received an offer of $70,000 ("Purchase Price") for the purchase of the License from Paradise Dynasty LLC ("Buyer"). The License will be sold free and clear of all liens and interests, on the terms and conditions of the sale are set forth in the *Escrow Instructions Alcoholic Beverage License Transfer Only*, and all related agreements and documents (collectively, "Transfer Agreements"), true and correct copies of which are attached hereto as **Exhibit 2**.

9.      The Buyer has made a $7,000 deposit towards the $70,000 Purchase Price, and the balance of the Purchase Price will be due at closing. In addition to the Purchase Price, the Buyer will pay 100% of the escrow fees and costs and the 10% finder's fee to the Seller's broker. Therefore, at closing, the estate will receive $70,000 for the License, less nominal transaction fees. There are no contingencies to the sale other than the entry of an order approving this Motion authorizing the sale of the License free and clear of all liens and claims and approval of the sale to the Buyer by Alcoholic Beverage Control ("ABC"). Closing is to occur when the Buyer is approved by the ABC for the License, and I am informed that there is no reason that the principal of the Buyer should not be approved. I am also not aware of any liens and claims against the License.

10.      Unlike the other buyers, this Buyer's restaurant is already open and operating which allows for the ABC to approve the transfer of the License within 3-5 months.

11.      The License has been marketed for sale since December 2018 through a qualified liquor license broker employed by me. The Court has already approved sales of the License for $55,000 subject to overbids (with no overbids being received) and $70,000 as a private sale, which were the then best and highest values obtainable for the asset. Given the passage of time, I believe that $70,000 continues to be consistent with the fair market value of the License. The proposed sale of the License to the Buyer under the terms of the Transfer Agreements will result in substantial and higher net sale proceeds for the benefit of creditors.

12.     By the Motion, I seek approval for the sale, and also requests that the Court make a finding that the Buyer is a good faith purchaser entitled to all of the protections afforded under 11 U.S.C. § 363(m), and that the 14-day stay period provided by Rule 6004(h) of the Federal Rules of Bankruptcy Procedure be waived to facilitate the closing as soon as possible after the entry of an order granting this Motion. Finally, and given the multiple unsuccessful transactions and to minimize administrative expenses, to the extent the sale to the Buyer fails to close, I seek authority to sell the License to another buyer for the minimum purchase price of $70,000 without further order of the Court.

13.     I believe that there are good business reasons for the proposed sale, that the Purchase Price is fair and reasonable and that the proposed sale is in the best interests of the estate.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of March 2022 at Los Angeles, California.

Timothy J. Yoo

**Exhibit 1**

## LIQUIDATED DAMAGES AGREEMENT BETWEEN BUYER AND SELLER

The parties agree that in the event Buyer fails to satisfy any of the terms set forth in the escrow instructions referenced herein, through no fault of the Seller, with the exception of unforeseen protests against the issuance of a liquor license to the Buyer at his intended location for his use of the liquor license; or, if denied by any governmental agency of the Buyer's earnest efforts to acquire necessary permit(s) for issuance of the liquor license to Buyer, the Buyer will become obligated to the Seller for liquidated damages in the amount of **7,000.00.** The liquidated damages will be paid to Seller from the funds on deposit in escrow, provided that the Seller and Buyer sign mutual escrow cancellation instructions. The parties agree to execute and return mutual escrow cancellation instructions to Escrow Holder within five (5) days of their receipt of same from Escrow Holder. These monies collected are above and beyond the buyer's initial deposit into Escrow.

SELLER:

ONEBADA, INC.
A CALIFORNIA CORPORATION

By:_____
    YOUNG KEUN PARK,  PRES./SECY
    BY: TIMOTHY J. YOO, AUTHORIZED
    CHAPTER 7 TRUSTEE

BUYER:

PARADISE DYNASTY LLC
A DELAWARE LIMITED LIABILITY COMPANY

By: _____

Eldwin Chun, CEO
PRINT NAME AND TITLE

EACH OF THE ABOVE SIGNED STATES THAT HE HAS READ THE FOREGOING INSTRUCTIONS AND
UNDERSTANDS AND AGREES TO THEM.

## LIQUIDATED DAMAGES AGREEMENT BETWEEN BUYER AND SELLER

The parties agree that in the event Buyer fails to satisfy any of the terms set forth in the escrow instructions referenced herein, through no fault of the Seller, with the exception of unforeseen protests against the issuance of a liquor license to the Buyer at his intended location for his use of the liquor license; or, if denied by any governmental agency of the Buyer's earnest efforts to acquire necessary permit(s) for issuance of the liquor license to Buyer, the Buyer will become obligated to the Seller for liquidated damages in the amount of 7,000.00. The liquidated damages will be paid to Seller from the funds on deposit in escrow, provided that the Seller and Buyer sign mutual escrow cancellation instructions. The parties agree to execute and return mutual escrow cancellation instructions to Escrow Holder within five (5) days of their receipt of same from Escrow Holder. These monies collected are above and beyond the buyer's initial deposit into Escrow.

SELLER:

ONEBADA, INC.
A CALIFORNIA CORPORATION

By:_____
    YOUNG KEUN PARK, PRES./SECY
    BY: TIMOTHY J. YOO, AUTHORIZED
    CHAPTER 7 TRUSTEE

BUYER:

PARADISE DYNASTY LLC
A DELAWARE LIMITED LIABILITY COMPANY

By:_____

_____
PRINT NAME AND TITLE

EACH OF THE ABOVE SIGNED STATES THAT HE HAS READ THE FOREGOING INSTRUCTIONS AND
UNDERSTANDS AND AGREES TO THEM.

**Exhibit 2**



**1748 Main St.**
**Escalon, CA 95320**
**Ph: (209) 838-1100**
**Fax: (209) 838-1115**

## ESCROW INSTRUCTIONS
## ALCOHOLIC BEVERAGE LICENSE TRANSFER ONLY

To:   California Business Escrow, Inc.            Escrow No. 22-7296-DB
      1748 Main Street                           Date: March 22, 2022
      Escalon, CA                                Escrow Officer: Diane Boudreau
      (209)-838-1100  FX (209)-838-1115

CALIFORNIA BUSINESS ESCROW, INC. IS LICENSED BY THE DEPARTMENT OF FINANCIAL PROTECTION
AND INNOVATION, STATE OF CALIFORNIA, LICENSE NO. 963 7062

These instructions are given this March 22, 2022 by and between the SELLER (herein called SELLER/TRANSFEROR),
**ONEBADA, INC., A CALIFORNIA CORPORATION**
whose address is: **2818 LA CIENEGA AVENUE , LOS ANGELES, CA  90034**

And the BUYER (hereinafter called BUYER/TRANSFEREE),
**PARADISE DYNASTY LLC, A DELAWARE LIMITED LIABILITY COMPANY**
whose address is: **2525 MAIN ST STE 107 , IRVINE, CA  92614**

The subject of this escrow, which Seller/Transferor owns and agrees to sell and Buyer/Transferee agrees to purchase from
Seller/Transferor, subject to all conditions and contingencies stated herein, is the following described alcoholic beverage
license: **ON-SALE GENERAL EATING PLACE LICENSE NO.47-540135** now issued for premises at: **6901 WALKER
ST , LA PALMA, CA  90623** for transfer to premises at **3333 BRISTOL ST STE A , COSTA MESA, CA 92626** under the
terms and conditions as stated herein.

IT IS AGREED BETWEEN THE SELLER/TRANSFEROR AND BUYER/TRANSFEREE THAT, REGARDLESS OF
DATE HEREINAFTER SET FORTH FOR PAYMENT OF THE CONSIDERATION, NONE OF THE SAID
CONSIDERATION WILL BE PAID FOR THE TRANSFER OF THE LICENSE(S) UNTIL SUCH TIME AS ESCROW
HOLDER HAS BEEN NOTIFIED IN WRITING BY THE DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL
("ABC") THAT THE LICENSE HAS BEEN TRANSFERRED.

The Parties hereto acknowledge and agree Timothy J Yoo is selling the Liquor License, as the Court Appointed
Trustee  in the case entitled Onebada Inc._ filed in the US Bankruptcy court of California, Case No. 2:18-11855.  The
parties further acknowledge and agree and that the sale contemplated hereby may be subject to, and contingent on,
any final court approvals, if required.

Total Purchase Price of said license shall be the sum of $70,000.00
          Payable as follows:

|                                     |              |
|-------------------------------------|-------------:|
| Initial Deposit                     | $7,000.00    |
| Deposit Prior to Close of Escrow    | $63,000.00   |
| Total Cash Thru                     | $70,000.00   |
| **TOTAL CONSIDERATION**             | $70,000.00   |

Seller's Initials    _____ _____ _____ _____        Buyer's Initials    _____ _____



**1748 Main St.
Escalon, CA 95320
Ph: (209) 838-1100
Fax: (209) 838-1115**

## ESCROW INSTRUCTIONS
### ALCOHOLIC BEVERAGE LICENSE TRANSFER ONLY

To:   California Business Escrow, Inc.
      1748 Main Street
      Escalon, CA
      (209)-838-1100  FX (209)-838-1115

Escrow No. 22-7296-DB
Date: March 22, 2022
Escrow Officer: Diane Boudreau

CALIFORNIA BUSINESS ESCROW, INC. IS LICENSED BY THE DEPARTMENT OF FINANCIAL PROTECTION AND INNOVATION, STATE OF CALIFORNIA, LICENSE NO. 963 7062

These instructions are given this March 22, 2022 by and between the SELLER (herein called SELLER/TRANSFEROR), **ONEBADA, INC., A CALIFORNIA CORPORATION** whose address is: **2818 LA CIENEGA AVENUE , LOS ANGELES, CA  90034**

And the BUYER (hereinafter called BUYER/TRANSFEREE), **PARADISE DYNASTY LLC, A DELAWARE LIMITED LIABILITY COMPANY** whose address is: **2525 MAIN ST STE 107 , IRVINE, CA  92614**

The subject of this escrow, which Seller/Transferor owns and agrees to sell and Buyer/Transferee agrees to purchase from Seller/Transferor, subject to all conditions and contingencies stated herein, is the following described alcoholic beverage license: **ON-SALE GENERAL EATING PLACE LICENSE NO.47-540135** now issued for premises at: **6901 WALKER ST , LA PALMA, CA  90623** for transfer to premises at **3333 BRISTOL ST STE A , COSTA MESA, CA 92626** under the terms and conditions as stated herein.

IT IS AGREED BETWEEN THE SELLER/TRANSFEROR AND BUYER/TRANSFEREE THAT, REGARDLESS OF DATE HEREINAFTER SET FORTH FOR PAYMENT OF THE CONSIDERATION, NONE OF THE SAID CONSIDERATION WILL BE PAID FOR THE TRANSFER OF THE LICENSE(S) UNTIL SUCH TIME AS ESCROW HOLDER HAS BEEN NOTIFIED IN WRITING BY THE DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL ("ABC") THAT THE LICENSE HAS BEEN TRANSFERRED.

**The Parties hereto acknowledge and agree Timothy J Yoo is selling the Liquor License, as the Court Appointed Trustee in the case entitled Onebada Inc._ filed in the US Bankruptcy court of California, Case No. 2:18-11855. The parties further acknowledge and agree and that the sale contemplated hereby may be subject to, and contingent on, any final court approvals, if required.**

**Total Purchase Price of said license shall be the sum of $70,000.00**
        Payable as follows:

|  |  |
|---|---|
| Initial Deposit | $7,000.00 |
| Deposit Prior to Close of Escrow | $63,000.00 |
| Total Cash Thru | $70,000.00 |
| **TOTAL CONSIDERATION** | **$70,000.00** |

Seller's Initials  ____ ____ ____          Buyer's Initials   ____ ____ ____ ____

1.   Escrow shall be deemed opened when these instructions, signed by all parties, are deposited with Escrow Holder. Escrow shall close upon issuance of subject alcoholic beverage license to the Buyer/Transferee by the Department of Alcoholic Beverage Control.

2.   In addition to the Purchase Price, Buyer/Transferee agrees to pay 100% of the escrow fees and costs in this transaction. For its ordinary services hereunder, and immediately upon acceptance of this escrow, California Business Escrow, Inc., shall be entitled to a non-refundable escrow fee of $1,200.00 payable by Buyer/Transferee. Additional fees and costs which can be charged include, without limitation, courier, messenger, overnight mail. California Business Escrow, Inc., is authorized and instructed to deduct the costs from the Transferee's deposit and is released from any and all liability for disbursement of Buyer/Transferee's earnest money deposit.

3.   Seller/Transferor agrees to pay 100% of the costs (including courier/overnight services) associated with processing creditor claims and/or claims by taxing authorities against Seller/Transferor, if applicable. There will be a charge of $25.00 for each claim paid through escrow, payable by and on behalf of Seller/Transferor, $50.00 for processing each disputed claim, payable by and on behalf of Seller/Transferor, and $100.00 for each State Agency (SBOE,FTB, COUNTY TAX COLLECTOR, IRS, EDD) paid through escrow by and on behalf of Seller/Transferor .

4.   In the event that escrow fails to consummate for any reason, California Business Escrow, Inc., is authorized to retain its costs and fees associated with this escrow from any money deposited with it without further authorization.

5.   Pursuant to Section 24073 of the Business and Professions Code of the State of California, Seller/Transferor and Buyer/Transferee will execute the Notice of Intended Transfer and deposit with Escrow Holder. Escrow Holder will record in the office of the county recorder and provide a copy of said notice, certified by the county recorder, to the Buyer/Transferee, to be deposited with the Department of Alcoholic Beverage Control.

6.   Within the latter of thirty days after application has been filed with the Department of Alcoholic Beverage Control or any extention of the filing period set forth in Section 24074.3 of the Business and Professions Code of the State of California, the Buyer/Transferee will cause to be handed to Escrow Holder the full amount of the Purchase Price as set out above, and any and all additional funds required by Escrow Holder to complete said transaction. Escrow Holder is instructed to then execute and forward ABC form 226 to the Department of Alcoholic Beverage Control, indicating that the consideration has been deposited into the escrow.

7.   If notified by the Department of Alcoholic Beverage Control that any tax agency, under the provisions of Section 24049 of the California Business and Professions Code, has a hold on the transfer of the ABC License, preventing the issuance of the ABC License to the Buyer/Transferee, then California Business Escrow, Inc., is authorized and instructed to pay, from funds on deposit in escrow, the amount of taxes demanded by any such agency and deduct same from Seller's/Transferor's proceeds without further authorization from any party required.

8.   All claims approved by Seller/Transferor shall be deemed to be bona fide and California Business Escrow, Inc. may pay such approved claims. Should any claims be filed, which the Seller/Transferor refuses to approve, all parties agree to proceed in accordance with Section 24074 of Business and Professions Code of the State of California.

9.   Buyer/Transferee shall make application for the transfer of the subject ABC license at the office of the Department of Alcoholic Beverage Control and the ABC License Transfer Fee shall be paid by the Buyer/ Transferee. In the event the ABC License has not been issued to the Buyer/Transferee prior to JULY 31, 2022 (next renewal date), both parties understand that it is the Buyer's/Transferee's responsibility to pay the ABC license renewal Fee to the Department of Alcoholic Beverage Control on or before the current renewal date from funds on deposit in escrow with no further instruction on the part of any party required. The Buyer/Transferee and Seller/Transferor further instruct and authorize Escrow Agent to pay from Buyer's/Transferee's funds on deposit in escrow all renewals that come due before the Authority to Close is received from the Department of Alcoholic Beverage Control. The Seller/Transferor warrants that the ABC License is currently in good standing with the Department of Alcoholic Beverage Control.



Seller's Initials  _____ _____ _____ _____          Buyer's Initials  _____ _____ _____ _____

1.   Escrow shall be deemed opened when these instructions, signed by all parties, are deposited with Escrow Holder. Escrow shall close upon issuance of subject alcoholic beverage license to the Buyer/Transferee by the Department of Alcoholic Beverage Control.

2.   In addition to the Purchase Price, Buyer/Transferee agrees to pay 100% of the escrow fees and costs in this transaction. For its ordinary services hereunder, and immediately upon acceptance of this escrow, California Business Escrow, Inc., shall be entitled to a non-refundable escrow fee of $1,200.00 payable by Buyer/Transferee. Additional fees and costs which can be charged include, without limitation, courier, messenger, overnight mail. California Business Escrow, Inc., is authorized and instructed to deduct the costs from the Transferee's deposit and is released from any and all liability for disbursement of Buyer/Transferee's earnest money deposit.

3.   Seller/Transferor agrees to pay 100% of the costs (including courier/overnight services) associated with processing creditor claims and/or claims by taxing authorities against Seller/Transferor, if applicable. There will be a charge of $25.00 for each claim paid through escrow, payable by and on behalf of Seller/Transferor, $50.00 for processing each disputed claim, payable by and on behalf of Seller/Transferor, and $100.00 for each State Agency (SBOE,FTB, COUNTY TAX COLLECTOR, IRS, EDD) paid through escrow by and on behalf of Seller/Transferor .

4.   In the event that escrow fails to consummate for any reason, California Business Escrow, Inc., is authorized to retain its costs and fees associated with this escrow from any money deposited with it without further authorization.

5.   Pursuant to Section 24073 of the Business and Professions Code of the State of California, Seller/Transferor and Buyer/Transferee will execute the Notice of Intended Transfer and deposit with Escrow Holder. Escrow Holder will record in the office of the county recorder and provide a copy of said notice, certified by the county recorder, to the Buyer/Transferee, to be deposited with the Department of Alcoholic Beverage Control.

6.   Within the latter of thirty days after application has been filed with the Department of Alcoholic Beverage Control or any extention of the filing period set forth in Section 24074.3 of the Business and Professions Code of the State of California, the Buyer/Transferee will cause to be handed to Escrow Holder the full amount of the Purchase Price as set out above, and any and all additional funds required by Escrow Holder to complete said transaction. Escrow Holder is instructed to then execute and forward ABC form 226 to the Department of Alcoholic Beverage Control, indicating that the consideration has been deposited into the escrow.

7.   If notified by the Department of Alcoholic Beverage Control that any tax agency, under the provisions of Section 24049 of the California Business and Professions Code, has a hold on the transfer of the ABC License, preventing the issuance of the ABC License to the Buyer/Transferee, then California Business Escrow, Inc., is authorized and instructed to pay, from funds on deposit in escrow, the amount of taxes demanded by any such agency and deduct same from Seller's/Transferor's proceeds without further authorization from any party required.

8.   All claims approved by Seller/Transferor shall be deemed to be bona fide and California Business Escrow, Inc. may pay such approved claims. Should any claims be filed, which the Seller/Transferor refuses to approve, all parties agree to proceed in accordance with Section 24074 of Business and Professions Code of the State of California.

9.   Buyer/Transferee shall make application for the transfer of the subject ABC license at the office of the Department of Alcoholic Beverage Control and the ABC License Transfer Fee shall be paid by the Buyer/Transferee. In the event the ABC License has not been issued to the Buyer/Transferee prior to JULY 31, 2022 (next renewal date), both parties understand that it is the Buyer's/Transferee's responsibility to pay the ABC license renewal Fee to the Department of Alcoholic Beverage Control on or before the current renewal date from funds on deposit in escrow with no further instruction on the part of any party required. The Buyer/Transferee and Seller/Transferor further instruct and authorize Escrow Agent to pay from Buyer's/Transferee's funds on deposit in escrow all renewals that come due before the Authority to Close is received from the Department of Alcoholic Beverage Control. The Seller/Transferor warrants that the ABC License is currently in good standing with the Department of Alcoholic Beverage Control.

Seller's Initials _____ _____ _____ _____          Buyer's Initials _____ _____ _____ _____

10.     California Business Escrow, Inc is instructed to act in accordance with sections 24049 and 24074 of California Business and Professions Code.

11.     The parties have deposited with California Business Escrow, Inc (if applicable in this transaction), a form letter (known as a Rule 64B Request) under Section 24044 of the Business and Professions Code of California, whereby the Department of Alcoholic Beverage Control shall be requested to issue the subject license to the Buyer/Transferee with the same to be held by the Department of Alcoholic Beverage Control pending Buyer's/Transferee's request for the delivery of the same. Escrow Holder is to forward the said letter when informed that the proposed premises to be licensed have been sufficiently completed to comply with the requirement of the Department of Alcoholic Beverage Control and that the license be issued and escrow closed with no unnecessary delays.

12.     The parties hereto understand that this escrow is accepted by California Business Escrow, Inc., as Escrow Holder, predicated on the representation of the parties that there will be sufficient funds deposited into escrow to pay all creditors, costs, expenses and fees incurred in this escrow in full. If sufficient funds are not deposited, then California Business Escrow, Inc., has the absolute right, at it's sole option, to resign as escrow agent by giving at least ten (10) days prior written notice of such intent to all parties concerned, paying all costs, fees and expenses incurred in this escrow from any funds on deposit with it, and returning any remaining funds to the party who has deposited same.

13.     <u>NO REAL ESTATE, TAX OR LEGAL ADVICE:</u>
Escrow Holder does not provide any real estate, tax, legal or other advice concerning this transaction, or advice on the validity and effect of any of the documentation concerning the transaction. The parties are specifically directed to their own independent real estate professional, attorney and accountant for any such advice. The parties acknowledge that any comments made by Escrow Holder concerning the transaction are not meant to provide such advice, but only to aid in facilitating the performance of Escrow Holder's duties arising hereunder.

14.     <u>AFFILIATIONS</u>
Escrow Holder discloses to the parties that Michael Brewer is affliated with California Business Escrow, Inc.

15.     <u>ADDITIONAL ESCROW CONDITIONS AND INSTRUCTIONS</u>

The signatories to these escrow instructions hereby direct Escrow Holder to also comply with the following:

A.  <u>Escrow Funds</u>.        All funds received in this escrow may be deposited with funds from other escrows in a general non-interest earning trust account in any state or federal bank of Escrow Holder's choosing. No interest shall be paid to the party depositing money with Escrow Holder. The parties recognize that the FDIC insurance on this account may not be sufficient to cover all of their specific deposit, but request that Escrow Holder maintain all funds in such account. All disbursements shall be made by Escrow Holder's check on this account.

B.  <u>Fees and Expenses</u>.    Buyer/Transferee agrees to pay Escrow Holder's customary and reasonable charges and fees and all other costs and expenses incurred by Escrow Holder on behalf of Buyer/Transferee. Escrow Holder may, in Escrow Holder's discretion, charge additional fees to the Buyer/Transferee for services which are beyond those usual in this type of escrow, attorney consultation fees, and any special courier fees above the standard courier use and charge those costs to the responsible Parties.

If, for any reason, Escrow Holder is required to appear in and/or defend any litigation, arbitration or administrative proceeding concerning this escrow as a party or a witness, the parties jointly and severally shall pay Escrow Holder for all reasonable costs, expenses and losses incurred by Escrow Holder in such matter, including Escrow Holder's reasonable attorney's fees.

If, in Escrow Holder's discretion, Escrow Holder deems it necessary to obtain legal advice regarding any issue in this escrow, the parties, jointly and severally, shall reimburse Escrow Holder for any reasonable fees and expenses incurred.

Seller's Initials     _____ _____ _____            Buyer's Initials     _____ _____ _____

10.    California Business Escrow, Inc is instructed to act in accordance with sections 24049 and 24074 of California Business and Professions Code.

11.    The parties have deposited with California Business Escrow, Inc (if applicable in this transaction), a form letter (known as a Rule 64B Request) under Section 24044 of the Business and Professions Code of California, whereby the Department of Alcoholic Beverage Control shall be requested to issue the subject license to the Buyer/Transferee with the same to be held by the Department of Alcoholic Beverage Control pending Buyer's/Transferee's request for the delivery of the same. Escrow Holder is to forward the said letter when informed that the proposed premises to be licensed have been sufficiently completed to comply with the requirement of the Department of Alcoholic Beverage Control and that the license be issued and escrow closed with no unnecessary delays.

12.    The parties hereto understand that this escrow is accepted by California Business Escrow, Inc., as Escrow Holder, predicated on the representation of the parties that there will be sufficient funds deposited into escrow to pay all creditors, costs, expenses and fees incurred in this escrow in full. If sufficient funds are not deposited, then California Business Escrow, Inc., has the absolute right, at it's sole option, to resign as escrow agent by giving at least ten (10) days prior written notice of such intent to all parties concerned, paying all costs, fees and expenses incurred in this escrow from any funds on deposit with it, and returning any remaining funds to the party who has deposited same.

13.    NO REAL ESTATE, TAX OR LEGAL ADVICE:
Escrow Holder does not provide any real estate, tax, legal or other advice concerning this transaction, or advice on the validity and effect of any of the documentation concerning the transaction. The parties are specifically directed to their own independent real estate professional, attorney and accountant for any such advice. The parties acknowledge that any comments made by Escrow Holder concerning the transaction are not meant to provide such advice, but only to aid in facilitating the performance of Escrow Holder's duties arising hereunder.

14.    AFFILIATIONS
Escrow Holder discloses to the parties that Michael Brewer is affliated with California Business Escrow, Inc.

15.    ADDITIONAL ESCROW CONDITIONS AND INSTRUCTIONS

The signatories to these escrow instructions hereby direct Escrow Holder to also comply with the following:

A.    Escrow Funds.        All funds received in this escrow may be deposited with funds from other escrows in a general non-interest earning trust account in any state or federal bank of Escrow Holder's choosing. No interest shall be paid to the party depositing money with Escrow Holder. The parties recognize that the FDIC insurance on this account may not be sufficient to cover all of their specific deposit, but request that Escrow Holder maintain all funds in such account. All disbursements shall be made by Escrow Holder's check on this account.

B.    Fees and Expenses.    Buyer/Transferee agrees to pay Escrow Holder's customary and reasonable charges and fees and all other costs and expenses incurred by Escrow Holder on behalf of Buyer/Transferee. Escrow Holder may, in Escrow Holder's discretion, charge additional fees to the Buyer/Transferee for services which are beyond those usual in this type of escrow, attorney consultation fees, and any special courier fees above the standard courier use and charge those costs to the responsible Parties.

If, for any reason, Escrow Holder is required to appear in and/or defend any litigation, arbitration or administrative proceeding concerning this escrow as a party or a witness, the parties jointly and severally shall pay Escrow Holder for all reasonable costs, expenses and losses incurred by Escrow Holder in such matter, including Escrow Holder's reasonable attorney's fees.

If, in Escrow Holder's discretion, Escrow Holder deems it necessary to obtain legal advice regarding any issue in this escrow, the parties, jointly and severally, shall reimburse Escrow Holder for any reasonable fees and expenses incurred.

Seller's Initials    _____ _____ _____                    Buyer's Initials    _____ _____ _____ _____

C.  Disclosures.  Escrow Holder has no responsibility to give any disclosure not required by law to be given by an escrow agent.

D.  Instructions.  Escrow Holder need comply only with the written instructions deposited in this escrow. If Escrow Holder receives any form of contract pertaining to the transaction on which this escrow is based, Escrow Holder has no responsibility to enforce or comply with the terms of it except as described in these instructions. A signature on these instructions and any document concerning this escrow means that the signatory has read, understands and approves the instruction or document. Escrow Holder has no responsibility to determine the validity or sufficiency of any document or signature on any document deposited in this escrow, unless further written Escrow Instructions to do so are received and the additional escrow fees are deposited. Any purported oral instructions, amendment, supplement, modification, notice or demand deposited with Escrow Holder by the parties or either of them shall be ineffective and invalid. The Escrow Instructions and supporting documents may be executed in counterparts, each of which shall be deemed an original regardless of the date of its execution and delivery. All such counterparts together shall constitute the same document. The parties acknowledge and understand that you, as Escrow Holder, are not authorized to practice the law nor does Escrow Holder give financial advice. The parties are advised to seek legal and financial counsel and advice concerning the effect of these Escrow Instructions. Escrow Holder shall not comply with any notice, demand or instruction that is not in writing. Escrow Holder may furnish copies of the escrow instructions and closing statements to real estate brokers and liquor license brokers representing the parties to this escrow, the Department of Alcoholic Beverage Control, and any lender to a party.

E.  Conflicts in Escrow Instructions; Disputes.    If Escrow Holder receives any conflicting notices, instructions or demands, or cannot close this escrow for any reason, in Escrow Holder's reasonable sole discretion and without any liability, and without concern over the merits of any disputes between the parties, Escrow Holder may take any reasonable action Escrow Holder deems appropriate, including no further action in this escrow until the conflict is resolved, or the bringing of an interpleader or other litigation. The parties, jointly and severally, will pay promptly on demand any reasonable costs, expenses and losses incurred by Escrow Holder in complying with this instruction, including Escrow Holder's reasonable attorney's fees. Escrow Holder's reasonable fees and the costs incurred in this escrow may be taken from any monies on deposit with Escrow Holder; the parties assume responsibility for determining liability for payment between themselves.

F.  Attorney's Fees.    If any legal action, arbitration or other proceeding is brought relating to these instructions or because of an alleged dispute, breach, default or misrepresentation in connection with any of the provisions of the transactions involved in these instructions, the successful or prevailing party shall be entitled to recover reasonable costs incurred, including reasonable attorney's fees. In any collection of monies due hereunder without litigation, the collecting party shall be entitled to its reasonable costs incurred, including reasonable attorney's fees.

G.  Closing; Cancellation; Payment of Fees and Costs.    Escrow Holder shall close the escrow as soon as possible unless Escrow Holder receives a written notice of cancellation. On receipt at any time of a notice of cancellation, Escrow Holder shall mail a copy to all other parties at the addresses on these instructions. In the event of cancellation, Escrow Holder may take from any monies on deposit with Escrow Holder any sums necessary to pay all fees and costs incurred in this escrow. It is further understood that all notices, demands and instructions must be in writing and executed by all parties

H.  Corrections.  In the event monies are disbursed incorrectly by Escrow Holder for any reason, each party agrees to cooperate with Escrow Holder and to promptly return to Escrow Holder any monies disbursed incorrectly to him/her/it immediately upon notice from Escrow Holder. If any legal action, arbitration or other proceeding is brought to collect monies incorrectly disbursed, the successful or prevailing party shall be entitled to recover costs incurred, including reasonable attorney's fees. Escrow Holder is further instructed and authorized to make any corrections necessary regarding perfecting any and all premise addresses, corrections of any and all names and any and all other necessary documents that need to be re-recorded to reflect any changes, without further instruction from either parties.



Seller's Initials ____ ____ ____ ____          Buyer's Initials ____ ____ ____ ____

C. <u>Disclosures</u>. Escrow Holder has no responsibility to give any disclosure not required by law to be given by an escrow agent.

D. <u>Instructions</u>. Escrow Holder need comply only with the written instructions deposited in this escrow. If Escrow Holder receives any form of contract pertaining to the transaction on which this escrow is based, Escrow Holder has no responsibility to enforce or comply with the terms of it except as described in these instructions. A signature on these instructions and any document concerning this escrow means that the signatory has read, understands and approves the instruction or document. Escrow Holder has no responsibility to determine the validity or sufficiency of any document or signature on any document deposited in this escrow, unless further written Escrow Instructions to do so are received and the additional escrow fees are deposited. Any purported oral instructions, amendment, supplement, modification, notice or demand deposited with Escrow Holder by the parties or either of them shall be ineffective and invalid. The Escrow Instructions and supporting documents may be executed in counterparts, each of which shall be deemed an original regardless of the date of its execution and delivery. All such counterparts together shall constitute the same document. The parties acknowledge and understand that you, as Escrow Holder, are not authorized to practice the law nor does Escrow Holder give financial advice. The parties are advised to seek legal and financial counsel and advice concerning the effect of these Escrow Instructions. Escrow Holder shall not comply with any notice, demand or instruction that is not in writing. Escrow Holder may furnish copies of the escrow instructions and closing statements to real estate brokers and liquor license brokers representing the parties to this escrow, the Department of Alcoholic Beverage Control, and any lender to a party.

E. <u>Conflicts in Escrow Instructions; Disputes</u>.    If Escrow Holder receives any conflicting notices, instructions or demands, or cannot close this escrow for any reason, in Escrow Holder's reasonable sole discretion and without any liability, and without concern over the merits of any disputes between the parties, Escrow Holder may take any reasonable action Escrow Holder deems appropriate, including no further action in this escrow until the conflict is resolved, or the bringing of an interpleader or other litigation. The parties, jointly and severally, will pay promptly on demand any reasonable costs, expenses and losses incurred by Escrow Holder in complying with this instruction, including Escrow Holder's reasonable attorney's fees. Escrow Holder's reasonable fees and the costs incurred in this escrow may be taken from any monies on deposit with Escrow Holder; the parties assume responsibility for determining liability for payment between themselves.

F. <u>Attorney's Fees</u>.    If any legal action, arbitration or other proceeding is brought relating to these instructions or because of an alleged dispute, breach, default or misrepresentation in connection with any of the provisions of the transactions involved in these instructions, the successful or prevailing party shall be entitled to recover reasonable costs incurred, including reasonable attorney's fees. In any collection of monies due hereunder without litigation, the collecting party shall be entitled to its reasonable costs incurred, including reasonable attorney's fees.

G. <u>Closing; Cancellation; Payment of Fees and Costs</u>.    Escrow Holder shall close the escrow as soon as possible unless Escrow Holder receives a written notice of cancellation. On receipt at any time of a notice of cancellation, Escrow Holder shall mail a copy to all other parties at the addresses on these instructions. In the event of cancellation, Escrow Holder may take from any monies on deposit with Escrow Holder any sums necessary to pay all fees and costs incurred in this escrow. It is further understood that all notices, demands and instructions must be in writing and executed by all parties

H. <u>Corrections.</u> In the event monies are disbursed incorrectly by Escrow Holder for any reason, each party agrees to cooperate with Escrow Holder and to promptly return to Escrow Holder any monies disbursed incorrectly to him/her/it immediately upon notice from Escrow Holder. If any legal action, arbitration or other proceeding is brought to collect monies incorrectly disbursed, the successful or prevailing party shall be entitled to recover costs incurred, including reasonable attorney's fees. Escrow Holder is further instructed and authorized to make any corrections necessary regarding perfecting any and all premise addresses, corrections of any and all names and any and all other necessary documents that need to be re-recorded to reflect any changes, without further instruction from either parties.



Seller's Initials _____ _____ _____ _____                    Buyer's Initials _____ _____ _____ _____

I.  Forms.  The parties understand the forms used by Escrow Holder are generally in use in the industry, and assume the responsibility of making certain those forms and the completion of them by Escrow Holder accurately describes the intended transaction.

J.  Venue for Litigation.  All rights and duties of the parties hereunder shall be governed by the laws of the State of California, and any litigation, arbitration or other proceeding brought regarding this escrow shall be brought in a court or tribunal of appropriate jurisdiction closest to San Joaquin County, California.

K.  Time is of the Essence.    The parties shall cooperate with Escrow Holder in carrying out the escrow instructions they deposit with Escrow Holder and completing this escrow. The parties shall deposit into escrow, upon request, any additional funds, instruments, documents, the Department of Alcoholic Beverage Control required documents, instructions, authorizations, or other items that are necessary to enable Escrow Holder to comply with demands made to Escrow Holder by third parties, or to otherwise carry out the terms of their instructions and close this escrow. Both parties further understand that "time is of the essence" and will facilitate any needed documents in a timely manner. Notwithstanding anything to the contrary, and in addition to any other contingency or condition, Buyer's/Transferee's obligation to purchase the license(s) shall be subject to the ABC approving the transfer to Buyer's/Transferee's and Seller's/Transferor's performance.

L.  Destruction of Escrow File.  Escrow Holder may destroy and dispose of all documents in this escrow after five (5) years of closing or cancellation of the escrow without liability or further notice to the parties. In the event of any dispute or litigation the escrow file will remain available and intact until such time as the matter has been resolved.

**Buyer/Transferee and Seller/Transferor acknowledge that they have read, understand, accept, approve and hereby create, execute, and enter into the foregoing escrow and instructions, each party acknowledges receipt of a copy hereof.**

SELLER:                                          BUYER:

ONEBADA, INC.                                    PARADISE DYNASTY LLC
A CALIFORNIA CORPORATION                         A DELAWARE LIMITED LIABILITY COMPANY

By:_____                     By:_Eldwin Chua_____
    YOUNG KEUN PARK,  PRES./SECY
    BY: TIMOTHY J. YOO, AUTHORIZED                   _CEO_____
    CHAPTER 7 TRUSTEE                               PRINT NAME AND TITLE



I.  Forms.  The parties understand the forms used by Escrow Holder are generally in use in the industry, and assume the responsibility of making certain those forms and the completion of them by Escrow Holder accurately describes the intended transaction.

J.  Venue for Litigation.  All rights and duties of the parties hereunder shall be governed by the laws of the State of California, and any litigation, arbitration or other proceeding brought regarding this escrow shall be brought in a court or tribunal of appropriate jurisdiction closest to San Joaquin County, California.

K.  Time is of the Essence.       The parties shall cooperate with Escrow Holder in carrying out the escrow instructions they deposit with Escrow Holder and completing this escrow. The parties shall deposit into escrow, upon request, any additional funds, instruments, documents, the Department of Alcoholic Beverage Control required documents, instructions, authorizations, or other items that are necessary to enable Escrow Holder to comply with demands made to Escrow Holder by third parties, or to otherwise carry out the terms of their instructions and close this escrow. Both parties further understand that "time is of the essence" and will facilitate any needed documents in a timely manner. Notwithstanding anything to the contrary, and in addition to any other contigency or condition, Buyer's/Transferee's obligation to purchase the license(s) shall be subject to the ABC approving the transfer to Buyer's/Transferee's and Seller's/Transferor's performance.

L.  Destruction of Escrow File.  Escrow Holder may destroy and dispose of all documents in this escrow after five (5) years of closing or cancellation of the escrow without liability or further notice to the parties. In the event of any dispute or litigation the escrow file will remain available and intact until such time as the matter has been resolved.

**Buyer/Transferee and Seller/Transferor acknowledge that they have read, understand, accept, approve and hereby create, execute, and enter into the foregoing escrow and instructions, each party acknowledges receipt of a copy hereof.**

SELLER:                                              BUYER:

ONEBADA, INC.                                        PARADISE DYNASTY LLC
A CALIFORNIA CORPORATION                             A DELAWARE LIMITED LIABILITY COMPANY

By:_____                         By:_____
   YOUNG KEUN PARK, PRES./SECY
   BY: TIMOTHY J. YOO, AUTHORIZED                    _____
   CHAPTER 7 TRUSTEE                                 PRINT NAME AND TITLE

Seller's Initials  ____ ____ ____ ____               Buyer's Initials  ____ ____ ____ ____

RECORDING REQUESTED BY
California Business Escrow, Inc

WHEN RECORDED MAIL TO:
NAME
California Business Escrow, Inc

MAILING ADDRESS (Street number and name)
1748 Main Street

| CITY | STATE | ZIP CODE |
|------|-------|----------|
| Escalon | CA | 95320 |

ESCROW NO. 22-7296-DB

*DO NOT WRITE IN THE SPACE ABOVE.*    Government. Code
Section 27361.6 reserves space above for exclusive use of County Recorder.)

# NOTICE OF INTENDED TRANSFER OF RETAIL ALCOHOLIC BEVERAGE LICENSE UNDER SECTIONS 24073 AND 24074, CALIFORNIA BUSINESS AND PROFESSIONS CODE
*Read instructions before completing.*

1. LICENSEE(S) NAME(S) (Seller)

ONEBADA, INC.

2. PREMISES ADDRESS TO WHICH LICENSE(S) HAS/HAVE BEEN ISSUED

6901 WALKER ST,  LA PALMA CA  90623

3. LICENSEE'S MAILING ADDRESS (if different)

2818 LA CIENEGA AVENUE , LOS ANGELES, CA 90034

4. APPLICANT(S) NAME (Transferee or Buyer)

PARADISE DYNASTY LLC

5. PROPOSED BUSINESS ADDRESS (if different than item 2)

3333 BRISTOL ST STE A , COSTA MESA, CA 92626

6. MAILING ADDRESS OF APPLICANT

2525 MAIN ST STE 107 , IRVINE, CA  92614

7. KIND OF LICENSE INTENDED TO BE TRANSFERRED

ON-SALE GENERAL EATING PLACE LICENSE NO. 47-540135

8. ESCROW HOLDER/GUARANTOR NAME

California Business Escrow, Inc

9. ESCROW HOLDER/GUARANTOR ADDRESS

1748 Main Street , Escalon, CA 95320

10. TOTAL CONSIDERATION TO BE PAID FOR THE BUSINESS AND LICENSE INCLUDING INVENTORY, WHETHER ACTUAL COST, ESTIMATED COST, OR A NOT-TO-EXCEED AMOUNT

| | |
|---|---|
| CASH | $70,000.00 |
| CHECK(S) | |
| DEMAND NOTE(S) | |
| PROMISSORY NOTE(S) | |
| TANGIBLE AND/OR INTANGIBLE PROPERTY | |
| **TOTAL AMOUNT** | $70,000.00 |

The parties agree that the consideration for the transfer of the business and the license(s) is to be paid only after the Department of Alcoholic Beverage Control has approved the proposed transfer. The parties also agree and herein direct the above-named escrow holder to make payment or distribution within a reasonable time after the completion of the transfer of the license as provided in Section 24074 of the California Business and Professions Code.

| | DATE SIGNED |
|---|---|
| LICENSEE(S) SIGNATURE     (Transferor or Seller)<br>ONEBADA, INC., A CALIFORNIA CORPORATION<br><br>By:_____<br>YOUNG KEUN PARK, PRES./SECY,<br>BY: TIMOTHY J. YOO, AUTHORIZED CHAPTER 7 TRUSTEE | |
| APPLICANT'S SIGNATURE     (Transferee or Buyer)<br>PARADISE DYNASTY LLC, A DELAWARE LIMITED LIABILITY COMPANY<br><br>By:_____  Eldwin  Chua , CEO<br>PRINT NAME AND TITLE | 23 MAR 2022 |

*One copy of this notice, CERTIFIED by the County Recorder, together with an additional copy must accompany the application for the transfer for the license.*

ABC-227 (2/07)                    State of California Department of Alcoholic Beverage Control

| RECORDING REQUESTED BY | | |
| --- | --- | --- |
| California Business Escrow, Inc | | |

| WHEN RECORDED MAIL TO: | | |
| --- | --- | --- |
| NAME | | |
| California Business Escrow, Inc | | |

| MAILING ADDRESS (Street number and name) | | |
| --- | --- | --- |
| 1748 Main Street | | |

| CITY | STATE | ZIP CODE |
| --- | --- | --- |
| Escalon | CA | 95320 |

ESCROW NO. 22-7296-DB

*DO NOT WRITE IN THE SPACE ABOVE.*    *Government. Code*
*Section 27361.6 reserves space above for exclusive use of County Recorder.)*

# NOTICE OF INTENDED TRANSFER OF RETAIL ALCOHOLIC BEVERAGE LICENSE UNDER SECTIONS 24073 AND 24074, CALIFORNIA BUSINESS AND PROFESSIONS CODE
*Read instructions before completing.*

1. LICENSEE(S) NAME(S) (Seller)

    ONEBADA, INC.

2. PREMISES ADDRESS TO WHICH LICENSE(S) HAS/HAVE BEEN ISSUED

    6901 WALKER ST,  LA PALMA CA  90623

3. LICENSEE'S MAILING ADDRESS (if different)

    2818 LA CIENEGA AVENUE , LOS ANGELES, CA 90034

4. APPLICANT(S) NAME (Transferee or Buyer)

    PARADISE DYNASTY LLC

5. PROPOSED BUSINESS ADDRESS (if different than item 2)

    3333 BRISTOL ST STE A , COSTA MESA, CA 92626

6. MAILING ADDRESS OF APPLICANT

    2525 MAIN ST STE 107 , IRVINE, CA  92614

7. KIND OF LICENSE INTENDED TO BE TRANSFERRED

    ON-SALE GENERAL EATING PLACE LICENSE NO. 47-540135

8. ESCROW HOLDER/GUARANTOR NAME

    California Business Escrow, Inc

9. ESCROW HOLDER/GUARANTOR ADDRESS

    1748 Main Street , Escalon, CA 95320

10. TOTAL CONSIDERATION TO BE PAID FOR THE BUSINESS AND LICENSE INCLUDING INVENTORY, WHETHER ACTUAL COST, ESTIMATED COST, OR A NOT-TO-EXCEED AMOUNT

| | |
| --- | --- |
| CASH | $70,000.00 |
| CHECK(S) | |
| DEMAND NOTE(S) | |
| PROMISSORY NOTE(S) | |
| TANGIBLE AND/OR INTANGIBLE PROPERTY | |
| **TOTAL AMOUNT** | $70,000.00 |

The parties agree that the consideration for the transfer of the business and the license(s) is to be paid only after the Department of Alcoholic Beverage Control has approved the proposed transfer. The parties also agree and herein direct the above-named escrow holder to make payment or distribution within a reasonable time after the completion of the transfer of the license as provided in Section 24074 of the California Business and Professions Code.

| LICENSEE(S) SIGNATURE    (Transferor or Seller) | DATE SIGNED |
| --- | --- |
| ONEBADA, INC., A CALIFORNIA CORPORATION | |
| By: _____ YOUNG KEUN PARK, PRES./SECY. BY: TIMOTHY J. YOO, AUTHORIZED CHAPTER 7 TRUSTEE | 3/23/22 |

| APPLICANT'S SIGNATURE    (Transferee or Buyer) | DATE SIGNED |
| --- | --- |
| PARADISE DYNASTY LLC, A DELAWARE LIMITED LIABILITY COMPANY | |
| By: _____ PRINT NAME AND TITLE | |

*One copy of this notice, CERTIFIED by the County Recorder, together with an additional copy must accompany the application for the transfer for the license.*

ABC-227 (2/07)    State of California Department of Alcoholic Beverage Control

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled  TRUSTEE'S NOTICE OF MOTION AND MOTION FOR ENTRY OF AN ORDER:  (A) APPROVING SALE OF LIQUOR LICENSE FREE AND CLEAR OF ALL LIENS OR INTERESTS; AND (B) GRANTING RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TIMOTHY J. YOO IN SUPPORT THEREOF ] will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 29, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On March 29, 2022 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| <u>Via First Class Mail</u><br>The Honorable Sheri Bluebond<br>U.S. Bankruptcy Court<br>255 E. Temple St.<br>Los Angeles, CA 90012 | ***Debtor***<br>**Onebada, Inc**<br>6901 Walker Street<br>La Palma, CA 90623 |

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on March 29, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 29, 2022 | Jason Klassi | /s/ Jason Klassi |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**

**2:18-bk-11855-BB Notice will be electronically mailed to:**

Joseph E. Caceres on behalf of Creditor Chris Kang LB Global, Inc.
jec@locs.com, generalbox@locs.com

Jack G Cairl on behalf of Interested Party Courtesy NEF
cairllaw@gmail.com, jackcairl@gmail.com

Jaenam J Coe on behalf of Debtor Onebada, Inc
coelaw@gmail.com

Marcelina Cortez on behalf of Creditor California Department of Tax & Fee Administration
EBNCACentSouth@cdtfa.ca.gov

Stella A Havkin on behalf of Counter-Claimant Merchant Advance Pay, Inc.
stella@havkinandshrago.com, havkinlaw@earthlink.net;shavkinesq@gmail.com

Stella A Havkin on behalf of Creditor Merchant Advance Pay, Inc.
stella@havkinandshrago.com, havkinlaw@earthlink.net;shavkinesq@gmail.com

Stella A Havkin on behalf of Defendant Merchant Advance Pay, Inc.
stella@havkinandshrago.com, havkinlaw@earthlink.net;shavkinesq@gmail.com

Rhett Johnson on behalf of Creditor State Compensation Insurance Fund
rrjohnson@scif.com, rrjohnson@scif.com

Monica Y Kim on behalf of Attorney Levene Neale Bender Yoo & Brill LLP
myk@lnbyg.com, myk@ecf.inforuptcy.com

Monica Y Kim on behalf of Counter-Defendant Timothy Yoo (TR)
myk@lnbyg.com, myk@ecf.inforuptcy.com

Monica Y Kim on behalf of Interested Party Courtesy NEF
myk@lnbyg.com, myk@ecf.inforuptcy.com

Monica Y Kim on behalf of Plaintiff Timothy J. Yoo
myk@lnbyg.com, myk@ecf.inforuptcy.com

Monica Y Kim on behalf of Trustee Timothy Yoo (TR)
myk@lnbyg.com, myk@ecf.inforuptcy.com

Monica Y Kim on behalf of Trustee Timothy Yoo (TR)
myk@lnbyg.com, myk@ecf.inforuptcy.com

Andy Kong on behalf of Interested Party Courtesy NEF
Kong.Andy@ArentFox.com

Andy Kong on behalf of Trustee Elissa Miller
Kong.Andy@ArentFox.com

Kenneth G Lau on behalf of U.S. Trustee United States Trustee (LA)
kenneth.g.lau@usdoj.gov

Dare Law on behalf of U.S. Trustee United States Trustee (LA)
dare.law@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

David W. Meadows on behalf of Mediator Mediator
david@davidwmeadowslaw.com

Elissa Miller on behalf of Interested Party Courtesy NEF
emiller@sulmeyerlaw.com, emillersk@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com

Lan Nguyen on behalf of Creditor Quentin Meats, Inc.
LPN@EsqConsulting.com

Scott H Noskin on behalf of Interested Party Courtesy NEF
snoskin@mbnlawyers.com, aacosta@mbnlawyers.com

Juliet Y. Oh on behalf of Trustee Timothy Yoo (TR)
jyo@lnbyg.com, jyo@lnbyb.com

Aram Ordubegian on behalf of Interested Party Courtesy NEF
ordubegian.aram@arentfox.com

Carmela Pagay on behalf of Interested Party Courtesy NEF
ctp@lnbyb.com

Carmela Pagay on behalf of Plaintiff Timothy J. Yoo
ctp@lnbyb.com

Carmela Pagay on behalf of Trustee Timothy Yoo (TR)
ctp@lnbyb.com

Charles Shamash on behalf of Creditor Chris Kang LB Global, Inc.
cs@locs.com, generalbox@locs.com

Joon W Song on behalf of Creditor Bank of Hope, c/o The Song Law Group, APLC
jsong@thesonglawgroup.com

Annie Y Stoops on behalf of Interested Party Courtesy NEF
annie.stoops@arentfox.com, yvonne.li@arentfox.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Timothy J Yoo on behalf of Interested Party Courtesy NEF
tjy@lnbyb.com

Timothy Yoo (TR)
tjytrustee@lnbyg.com, tjy@trustesolutions.net

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**

Label Matrix for local noticing
0973-2
Case 2:18-bk-11855-BB
Central District of California
Los Angeles
Tue Mar 29 12:52:23 PDT 2022

Bank of Hope, The Song Law Group, APLC
The Song Law Group, APLC
145 S. Fairfax Avenue
Suite 200
Los Angeles, CA 90036-2186

California Department of Tax & Fee Administr
PO Box 942879
Sacramento, CA 94279-0055

Hahn Fife & Company LLP
790 East Colorado Blvd 9th Floor
Pasadena, CA 91101-2193

Levene Neale Bender Yoo & Brill LLP
10250 Constellation Blvd Ste 1700
Los Angeles, CA 90067-6253

Merchant Advance Pay, Inc.
c/o Stella Havkin
5950 Canoga Avenue, Suite 400
Woodland Hills, CA 91367-5037

Onebada, Inc
6901 Walker Street
La Palma, CA 90623-1022

Quentin Meats, Inc.
Esquire Consulting, Inc.
Lan Nguyen, Esq.
1055 W. 7th Street
33rd Floor
Los Angeles, CA 90017-2577

(p)STATE COMP INS FUND
PO BOX 9102
PLEASANTON CA 94566-9102

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

Bank of Hope, successor-in-interest to BBCN
c/o The Song Law Group, APLC
145 S. Fairfax Ave., Suite 200
Los Angeles, CA 90036-2186

California Department of Tax and Fee Admin
Special Operations Branch, MIC: 55
PO Box 942789
Sacramento CA 94279-0055

Chapter 11 Trustee Elissa D. Miller on behal
c/o Arent Fox LLP
Attn: Annie Y. Stoops
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065

David S. Kim & Associates
3731 Wilshire Blvd., Ste 910
Los Angeles, CA 90010-2827

EMPLOYERS INSURANCE
10375 Professional Circle
Reno, NV 89521-4802

Employment Development Department
Bankruptcy Group MIC 92E, PO BOX 826880
Sacramento, CA 95814

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

GREENLAND FOODS COMPANY
2939 Sunol Drive
Vernon,CA 90058-4314

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Jaenam Coe, Esq
Law Offices of Jaenam Coe, PC
3731 Wilshire Blvd, Suite 910
Los Angeles, California 90010-2827

LASUPERLAWYERS, INC
William W Bloch, Esq
9100 Wilshire Blvd, Suite 333 East
Beverly Hills, CA 90212-3405

LB GLOBAL, INC
3600 Wilshire Blvd, Suite 100-c
Los Angeles, CA 90010-2691

Martin R Berman, ESQ
Law Offices of PFLASTER & BERMAN
5670 Wilshire Blvd, Suite 1300
Los Angeles, CA 90036-5608

Merchant Advance Pay, Inc.
21281 Western Ave
Torrance, CA 90501-2958

National Commercial Recovery Inc
Glenn A Besnyl Esq
750 N Diamond Bar Ste 20
Diamond Bar CA 91765-1023

ONEBADA,INC
6901 Walker Street
La Palma, California 90623-1022

Office of the United States Trustee
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

QUENTIN MEATS INC
TERESA NGUYEN
13044 Park Street
Santa Fe Springs, CA 90670-4006

West Coast Prime Meats
344 Cliffwood Park Street
Brea, CA 92821-4103

Chris Kang LB Global, Inc.
c/o LA SuperLawyers, Inc.
5670 Wilshire Blvd, Ste 1300
Los Angeles, CA 90036-5608

Jaenam Coe
Law Offices of Jaenam Coe PC
3731 Wilshire Bl Ste 910
Los Angeles, CA 90010-2827

Timothy Yoo (TR)
Levene Neale Bender Yoo & Golubchik
2818 La Cienega Avenue
Los Angeles, CA 90034-2645


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


State Compensation Insurance Fund
Corporate Legal
5880 Owens Drive
3rd Floor
Pleasanton, Ca 94588-3900

(d)State Compensation Insurance Fund
P.O. Box 8192
Pleasanton, CA 94588

(d)State Compensation Insurance Fund
PO Box 8192
Pleasanton, CA 94588


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Braun Inc.

(u)Coldwell Banker Commercial Wilshire Proper

(u)Courtesy NEF


(u)JBK ENTERPRISES INC

(u)Thomas Seaman Company

(d)Franchise Tax Board
Bankruptcy Section MS A340
PO Box 2952
Sacramento CA 95812-2952


End of Label Matrix
Mailable recipients     32
Bypassed recipients      6
Total                   38

OneBada, Inc.
Top 20 / Secured / RSN

*Debtor*
**Onebada, Inc**
6901 Walker Street
La Palma, CA 90623
ORANGE-CA

Law Offices of PHLASTER & Berman
c/o LB GLOBAL, INC
9100 Wilshire Blvd., Suite 333 East
Beverly Hills, CA 90212

David S. Kim & Associates
3731 Wilshire Blvd., Ste 910
Los Angeles, CA 90010

Merchant Bank (POC 14-1))
21281 Western Ave
Torrance, CA 90501

EMPLOYERS INSURANCE
10375 Professional Circle
Reno, NV 89521-4602

QUENTIN MEAT (POC 9-2))
13044 Park Street
Santa Fe Springs, CA 90670

GREENLAND FOODS COMPANY
2939 Sunol Drive
Vernon,CA 90058

West Coast Prime Meats
344 Cliffwood Park Street
Brea, CA 92821

Bank of Hope (Secured Creditor)
3200 Wilshire Blvd., Ste 1400
Los Angeles, CA 90010

Quentin Meats, Inc. (POC 9-2)
c/o Mirman, Bubman & Nahmias LLP
21860 Burbank Blvd., Suite 360
Woodland Hills, CA 91367

**Kenneth G Lau**
Office of the United States Trustee
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017

**Jaenam J Coe**
Law Offices of Jaenam Coe PC
3731 Wilshire Bl Ste 910
Los Angeles, CA 90010

**Rosendo Gonzalez**
Gonzalez & Assoc APLC
530 S Hewitt St
Ste 148
Los Angeles, CA 90013

*Trustee*
**Elissa Miller (TR)**
SulmeyerKupetz
333 S Hope St
35th fl
Los Angeles, CA 9007

**Chapter 11 Trustee**
**Elissa D. Miller on behalf**
**c/o Arent Fox LLP**
**Attn: Annie Y. Stoops**
**555 West Fifth Street, 48th Floor**
**Los Angeles, CA 90013-1065**

Hana Small Business Lending
1000 Wilshire Blvd., Suite 2000
Los Angeles, CA  90017

BBCN Bank
3731 Wilshire Blvd., Suite 400
Los Angeles, CA 90010

Merchant Advance Pay
21281 S. Western Ave.
Torrance, CA 90501

Dishwasher Inc.
7803 Telegraph Road #E
Montebello, CA 90640

Timberland Bank
624 Simpson Avenue
Hoquiam, WA 98550

Seattle Prime Capital, Inc.
Attn:  KC Lee
19400 33rd Avenue West, Suite 200
Lynwood, WA 98036

Raffi Khatchadourian
Hemar Russo
15910 Ventura Blvd.., 12th Floor
Encino, CA 91436

Lan P. Nguyen
Esquire Consulting
1055 West 7th St., 33rd Floor
Los Angeles, CA 90017

Brian M. Born
Turnbull & Born, PLLC
950 Pacific Avenue, Suite 1050
Tacoma, WA 98402

Yohan Lee
6281 Beach Blvd., Suite 222
Buena Park, CA 90621

Joon Song (POC 7-1)
The Song Law Group, APLC
145 S. Fairfax Ave., Suite 200
Los Angeles, CA 90036